### HOPPER v. ERSLEV et al.

(New York Superior Court—General Term, April 1893.)

The complaint in an action brought on a bond given to discharge a mechanic's lien failed to state the amount thereof, the person to whom it was made, the court wherein the judgment was obtained, or that it was duly rendered, etc. Defendant's demurrer to the complaint on the ground that it did not state facts sufficient to constitute a cause of action, was overruled as frivolous. *Held,* error; that plaintiff's failure to make those allegations in his complaint made his success upon trial very doubtful.

PLAINTIFF in March, 1891, filed a mechanic's lien against premises described therein; in April, 1891, defendants Hauff and Muller, as principals, and Erslev and Updike, as sureties, gave a bond to discharge the same. In an action afterwards brought to enforce said lien, judgment was rendered for plaintiff, and on defendants' failure to pay the same this action was brought to recover on the bond. The defendants Hauff and Muller did not answer, and Erslev and Updike demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. An order was entered overruling the demurrer as frivolous, and granting judgment thereon in plaintiff's favor for the relief demanded in the complaint. The defendants Erslev and Updike appeal therefrom.

*Carpenter & Hassett,* for plaintiff (respondent).

*Henry B. Weselman,* for defendants (appellants).

DUGRO, J. This is an appeal from a judgment for plaintiff entered upon an order overruling a demurrer to the complaint as frivolous.

The order is brought up for review by the notice of appeal.

Unless the demurrer is clearly bad upon its face it should not have been overruled upon the motion.

The failure to state in the complaint the amount of the bond, the person to whom it was made, the court wherein the

judgment was obtained, and that it was duly rendered, and other omissions, make the plaintiff's success upon a trial very doubtful.

We are by no means certain that the demurrer is not good.

Judgment reversed, with costs.

Order reversed, without costs.

SEDGWICK, Ch. J., concurs.

Judgment and order reversed.